FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 09 2002

JAMES W. McCORMACK, CLERK
By:_____
                        DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SANDRA R. THRONEBERRY; AND
WALTER M. DICKINSON                                          PLAINTIFFS

V.                          CASE NO. 5:01 CV-260 (JMM)

MCGEHEE DESHA COUNTY HOSPITAL AND
                                                             DEFENDANTS

## AMENDED COMPLAINT

COMES NOW Sandra R. Throneberry, by and through counsel, Harrill & Sutter, P.L.L.C., and WALTER DICKINSON, pro se, and for this Amended Complaint, they state:

### PARTIES AND JURISDICTION

1.     Sandra R. Throneberry (Plaintiff) is resident of Desha County, Arkansas, who worked for McGehee Desha County Hospital (Defendant). Walter M. Dickinson is the duly appointed United States Bankruptcy Trustee who may have an interest in the claims for wage loss, pre-petition, which is subject to the Debtor's claim of exemption. Accordingly, this Court has personal jurisdiction over the Parties.

2.     This action is brought under Family Medical Leave Act of 1993 (FMLA). Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 1331. Furthermore, venue is proper under 28 U.S.C. § 1391(b).

### GENERAL ALLEGATIONS OF FACT

3.     On or about August 4, 1998, Plaintiff experienced a nervous breakdown and became unable to work.

4.     In the year preceding each day in August of 1998, Plaintiff had worked for Defendant for more than 1,250 hours and for more than one year at a location where Defendant employed fifty or more employees within seventy-five miles of Plaintiff's former work site. Accordingly, Plaintiff was an eligible employee, as that term is defined by the FMLA.

59

5.   Defendant employed fifty or more employees at Plaintiff's former worksite for twenty or more workweeks in 1997 and 1998 in an industry affecting interstate commerce. Accordingly, Defendant is an employer covered by the FMLA.

6.   On account of her mental condition, Plaintiff was unable to work for more than three calendar days, consulted a healthcare provider on more than one occasion, and was prescribed a course of prescription medication. Accordingly, Plaintiff suffered from a serious health condition, as that term is defined by the FMLA.

7.   Plaintiff timely notified Defendant of her need for leave, but Defendant failed to give Plaintiff timely notice of her rights under the FMLA and failed to notify Plaintiff of its method of calculating Plaintiff's annual FMLA leave entitlement.

8.   In any event, in August of 1998, Plaintiff's condition was such that she required leave, but her prognosis was such that she was expected to return to work within twelve weeks, in the absence of any aggravating factors.

9.   However, in September of 1998, Defendant contacted Plaintiff and advised her that she must either resign or be fired.

10.  This action constitutes a willful interference with the exercise of Plaintiff's rights under the FMLA.

11.  Additionally, this action by Defendant caused Plaintiff's depression to increase, she became unable to work, and her course of treatment of was lengthened.

12.  All of Defendant's actions have been willful.

13.  Upon information and belief, Plaintiff alleges that Defendant did not terminate similarly situated employees who have requested FMLA leave. Accordingly, Plaintiff alleges that Defendant has retaliated against Plaintiff in violation of FMLA.

14.  As a direct and proximate cause of Defendant's acts or omissions as alleged herein, Plaintiff suffered severe mental and emotional distress, lost wages, lost fringe benefits,

lost earning capacity, and incurred medical expenses which would not otherwise have been incurred.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for appropriate compensatory damages; for liquidated damages; for reinstatement or other equitable relief; for an injunction requiring Defendant to remove any adverse information from Plaintiff's personnel records; for a trial by jury; for reasonable attorneys' fees; for costs; and for all other proper relief.

Respectfully submitted,

*[signature]*

Mr. Walter M. Dickinson, Sr, pro se
U. S. Bankruptcy Trustee
3101 Hinson Road
Little Rock, Arkansas 72212

And

HARRILL & SUTTER, P.L.L.C.
Attorneys at Law
310 Natural Resources Drive
Post Office Box 26321
Little Rock, Arkansas 72221-6321
501/224-1050; Facsimile 501/223-9136
Attorneys for the Plaintiff Sandra Throneberry

By: *[signature]*
L. Oneal Sutter, Ark. Bar No. 95031

3

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing has been served on this, the 6 day of December 2002, via U. S. Mail, upon counsel for the defendant:

Mr. Byron Freeland
Mitchell, Williams, Selig,
 Gates & Woodyard, PLLC
425 West Capitol Avenue
Suite 1800
Little Rock, Arkansas 72201-3525

L. Oneal Sutter

G:\DOC\THRONEBERRY\CPLTAMD.DOC

4